IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RAY JACKS                                                                                                   PLAINTIFF

V.                                                                               CIVIL ACTION NO. 4:11CV141-B-V

JOHN DOE AND
ALLSTATE INSURANCE COMPANY                                                       DEFENDANTS

**MEMORANDUM OPINION**

Presently before the court is the plaintiff's motion to remand. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

This action arises from a motor vehicle accident occurring on March 5, 2011, in Washington County, Mississippi. The plaintiff, Ray Jacks, alleges that on that date he was the permissive user and repairman of a pickup truck owned by Thomas Foster of Ruleville, Mississippi, and was driving along a four-lane portion of Highway 61 South when an unknown driver, Defendant "John Doe," who was also traveling southbound, crossed over into the plaintiff's lane and collided with the vehicle driven by the plaintiff. The collision allegedly forced the plaintiff off the highway, causing his vehicle to overturn and resulting in injuries to the plaintiff.

The plaintiff asserts that at the time of the collision he was covered as a permissive user under Foster's automobile insurance policy issued by Defendant Allstate Insurance Company ("Allstate"). The policy includes an uninsured/under-insured motorist provision with a limit of $25,000.00.

The plaintiff filed the present action in the Circuit Court of Washington County, Mississippi, on October 19, 2011, suing Allstate for the $25,000.00 policy limit and John Doe for $60,000.00. The defendant Allstate subsequently removed the case to this court on the basis of diversity of citizenship jurisdiction. The plaintiff has moved to remand.

Analysis

The plaintiff contends that this court does not have jurisdiction under 28 U.S.C. § 1332 because the amount in controversy does not exceed the sum of $75,000.00 unless the claims are aggregated. The defendant asserts that the claims must be aggregated because they are "contingent upon and derivative from a proven claim against the John Doe defendant." The defendant contends that coverage is unavailable to a claimant who is unable to show that he is legally entitled to recover from an individual negligent tortfeasor operating an uninsured vehicle. The plaintiff states that he has never discovered the identity of John Doe and does not anticipate that he will ever be able to do so. According to the defendant, the claims against Allstate and John Doe "are so intertwined and inextricably linked that they cannot be separated."

"The general rule, as recognized in the Fifth Circuit, is that 'where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate." *Latham v. State Farm Mut. Auto. Ins. Co.*, 339 F. Supp. 2d 767, 771-72 (S.D. Miss. 2004) (quoting *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961)).

In this case, the plaintiff's claim against Allstate is for uninsured motorist coverage – a contract claim. The plaintiff's claim against the unknown tortfeasor is grounded in negligence. These claims are legally distinct, as the plaintiff has the burden of proving different elements for

each claim against each defendant. The court therefore finds that the claims should not be considered in the aggregate for jurisdictional purposes. Because neither claim, standing alone, satisfies the amount in controversy requirement of 28 U.S.C. § 1332, the court does not have jurisdiction over this action, and the plaintiff's motion to remand should be granted.

## Conclusion

For the foregoing reasons, the court finds that the plaintiff's motion to remand is well taken and should be granted, and this case should be remanded to the Circuit Court of Washington County, Mississippi. A separate order in accord with this opinion shall issue this day.

This, the 5th day of March, 2013.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**